In re **COUNTRY PROGRAMMERS INTERNATIONAL, INC., Country Programmers, Inc., Country Programmers, Ink, Debtor.**

**Frank M. GILMAN, Olive F. Gilman and The Valley Land Corporation, Plaintiffs,**

v.

**COUNTRY PROGRAMMERS INTERNATIONAL, INC., a/k/a Country Programmers, Inc., a/k/a Country Programmers, Ink, and Alan R. Medor, Esq., Trustee, Defendants.**

**Bankruptcy No. 81–00218.**
**Adv. No. 81–0153.**

United States Bankruptcy Court,
D. Vermont.

Feb. 23, 1982.

John J. Long, Jr., Norwich, Vt., for plaintiffs.

Alan R. Medor, trustee pro se.

John R. Hughes, Jr., Norwich, Vt., for debtors.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Complaint of Frank M. Gilman, et als., against the Debtor and Alan R. Medor, Esquire, Trustee, for relief of stay filed on November 12, 1981 came on for hearing, after notice.

The facts are undisputed. On June 6, 1980, Frank M. Gilman and Olive F. Gilman as lessors leased to the Debtor, Country Programmers International, Inc., as lessee certain lands and premises in the Town of Hartford, Vermont for a term of five years beginning July 1, 1980 up to and including June 30, 1985 with a monthly rent for the first year of $1,209.48, increased to $1,351.77 for the second year. As security for the payment of the rent under the lease, the Debtor executed and delivered to the landlords, Frank M. Gilman and Olive F. Gilman, a security agreement dated June 6, 1980 under which the Debtor granted to the Landlords a security interest in certain personal property, including two IBM typewriters. This security interest was perfected by the Landlords upon filing the necessary U.C.C. Financing Statements in the proper places.

On June 29, 1981 Frank M. Gilman and Olive F. Gilman assigned the aforesaid lease and all the rents for the premises which became due July 1, 1981 and after to the Valley Land Corporation. There was no specific assignment of the security interest held by the Gilmans.

The Plaintiffs are seeking relief from the automatic stay so that they may continue an action which was started in the Windsor Superior Court of the State of Vermont and thereby recover possession of the two IBM typewriters. This request for relief from automatic stay is resisted by the Trustee on the grounds that there was no assignment of the security interest by the Gilmans to the Valley Land Corporation which was entitled to the rent beginning July 1, 1981.

The Debtor has in fact defaulted under the lease, and on November 12, 1981, Frank W. Gilman and Olive F. Gilman, together with the Valley Land Corporation, filed a secured proof of claim in the sum of $4,471.67 consisting of unpaid rent, costs of repair, interest and legal fees. The Trustee has not interposed any objection to this claim.

At the hearing the parties stipulated that the Debtor did owe two months rent amounting to $2,703.54. The Trustee, in his Memorandum, recited that the personal property including two IBM typewriters which were subject to the security interest was collectively valued at $1,800.00. Hence, there appears to be no equity in the collateral.

The only issue for determination, therefore, is whether the Valley Land Corporation has a valid security interest in the typewriters.

The Trustee contends that Valley Land Corporation, by virtue of the assignment to it from the Gilmans merely received an assignment of the rent and not of the security interest in the personal property which was given by the Debtor to secure payment of rent and obligations under the lease. He contends that there is no language in the assignment referring to the security interest. He maintains that the assignment, by its own language, operates only as an assignment of the lease and not of the security interest. This Court does not agree.

■ It is generally recognized that all property and property rights that are comprehended by the terms used therein pass by an assignment, and such rights and remedies of the assignor as are incidents to the assigned property are vested in the assignee by virtue of the assignment. 6A C.J.S. Assignments § 74 pp. 714–715. This includes liens and security that is incidental to the subject matter of the assignment. See 6 Am.Jur.2d 302 § 121 as follows:

> "The assignment of a debt ordinarily carries with it all liens and every remedy or security that is incidental to the subject matter of the assignment and that could have been used, or made available, by the assignor as a means of indemnity or payment, even though they are not specifically named in the instrument of assignment, and even though the assignee at the time was ignorant of their existence. Such rights will pass notwithstanding the assignment is not by any instrument in writing, or that the assignor retains possession of the collateral, his possession being considered in the nature of a trust for the benefit of the assignee of the debt."

> Cases cited including *Newell Bros. v. Hanson*, 97 Vt. 297, 123 A. 208 in which it was held that in the absence of any provision to the contrary, the unqualified assignment of a chose in action vests in the assignee an equitable title to all such securities and rights as are incidental to the subject matter of the assignment.

■ It follows, therefore, that the Valley Land Corporation did in fact acquire a security interest in the personal property, including the typewriters, by virtue of the assignment of the rents under the lease even though the transfer of the security interest was not specifically mentioned in the assignment. This security interest continued in the Valley Land Corporation even without any additional filing of financing statements under the Code. See 9A V.S.A. § 9–302(2) which provides:

> "If a secured party assigns a perfected security interest, no filing under this article is required in order to continue the perfected status of the security interest against creditors of and transferees from the original debtor."

See also *Western Board of Adjusters, Inc. v. Newport Motor Yachts, Inc.*, 10 U.C.C. Rep. 893; *Bramble Transp., Inc. v. Sam Senter Sales, Inc.*, 10 U.C.C.Rep. 939; 294 A.2d 97; *In re Bennett*, 6 U.C.C.Rep. 994; *In re Davidoff*, 10 U.C.C.Rep. 725.

The Valley Land Corporation having acquired a perfected security interest in the IBM Typewriters and there being no equity in this collateral, the Plaintiffs are entitled to the relief requested.

## ORDER

Upon the foregoing,

IT IS ORDERED that the automatic stay which became effective under § 362 of the Bankruptcy Code upon the filing of the Petition for Relief in this case is hereby terminated, and the Plaintiffs are authorized to proceed in State Court to reclaim the two IBM Typewriters.